CAPITAL FINANCIAL CREDIT, L.L.C., Appellee,

v.

MAYS, Appellant.

[Cite as *Capital Fin. Credit, L.L.C. v. Mays*, 191 Ohio App.3d 56, 2010-Ohio-4423.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–090906.

Decided Sept. 22, 2010.

Babcock & Wasserman Co., L.P.A., and Evana Carolyn Delon, for appellee.

Larry Mays, pro se.

Per Curiam.

{¶ 1} Defendant-appellant Larry Mays contests the entry of summary judgment for plaintiff-appellee Capital Financial Credit, L.L.C. ("CFC") on its claim to collect an unpaid balance of $7,909.43 due on a credit-card account that Mays had originally maintained with Citibank (South Dakota), N.A. Because CFC failed to demonstrate the absence of genuine issues of material fact concerning the amount due on the account, summary judgment was improvidently granted.

{¶ 2} CFC had acquired all the rights, title, and interest in Mays's credit-card account with Citibank. CFC moved for summary judgment, seeking affirmative relief on its claim. It supported its motion with the affidavit of its director of litigation, who stated, inter alia, that Mays had an unpaid balance of $7,909.43 plus interest. In a bare-bones answer and response to CFC's motion, Mays asserted, without accompanying evidentiary material, that at some time in the past he had "contacted Citibank * * * and [had] disputed charges" on the account. Without elaboration, the trial court granted CFC's summary-judgment motion.

{¶ 3} In two interrelated assignments of error, Mays claims that the trial court erred in granting CFC's summary-judgment motion because CFC had failed to establish the amount due on the account as a matter of law and because it had failed to demonstrate that it was the real party in interest. Because summary judgment presents only questions of law, an appellate court reviews a summary judgment ruling de novo, without deference to the trial court's determinations.[1]

{¶ 4} Civ.R. 56(A) makes summary judgment available to "[a] party seeking to recover upon a claim * * *."[2] A party moving for summary judgment bears the burden of establishing that (1) no issue of material fact remains to be litigated, (2) the moving party is entitled to summary judgment as a matter of law, and (3) it appears from the evidence, when viewed in a light most favorable to the

---

1. See *Polen v. Baker* (2001), 92 Ohio St.3d 563, 564–565, 752 N.E.2d 258.

2. See *Robinson v. B.O.C. Group* (1998), 81 Ohio St.3d 361, 367, 691 N.E.2d 667.

nonmoving party, that reasonable minds can only come to a conclusion adverse to that party.[3]

{¶ 5} Where a party seeks affirmative relief on its own claim as a matter of law under Civ.R. 56(A), it bears the burden of affirmatively demonstrating that there are no genuine issues of material fact with respect to every essential element of its claim.[4]  And its motion for summary judgment must be denied if the party fails to satisfy this initial burden.[5]  The nonmoving party's reciprocal burden to establish the existence of genuine issues of material fact arises only if the movant meets its initial burden.[6]

{¶ 6} The substantive law governing CFC's nonpayment claim identifies the factual issues that are material and thus could preclude summary judgment.[7] Civ.R. 10(D)(1) provides that "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading.  If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."  An action like this one to collect on a credit-card balance is an action "on an account" for purposes of Civ.R. 10.[8]  And where an assignee brings an action on an account obtained from another entity, it must establish the existence of a valid assignment agreement.[9]

{¶ 7} Thus, to prevail in an action on an account, an eligible plaintiff must establish the existence of an account in the name of the party charged, as well as (1) a beginning balance of zero, or a sum that can qualify as an account stated, or some other provable sum, (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits, and (3) a summarization by means of a running or developing balance, or an arrangement

---

3.  See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

4.  See id. at 294, citing *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798;  see also *Stillwell v. Johnson* (1991), 76 Ohio App.3d 684, 688, 602 N.E.2d 1254.

5.  See id. at 293.

6.  See Civ.R. 56(E).

7.  See *Gross v. Western–Southern Life Ins. Co.* (1993), 85 Ohio App.3d 662, 666–667, 621 N.E.2d 412, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

8.  See *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, 869 N.E.2d 30, ¶ 6; see also *Retail Recovery Serv. of NJ v. Conley*, 3rd Dist. No. 10–09–15, 2010-Ohio-1256, 2010 WL 1173099, ¶ 20;  *Worldwide Asset Purchasing, L.L.C. v. Sandoval*, 8th Dist. No. 2007–CA–00159, 2008-Ohio-6343, 2008 WL 5104769, ¶ 26–27.

9.  See *Worldwide Asset Purchasing, L.L.C. v. Sandoval* at ¶ 26.

of beginning balance and items that permits the calculation of the amount claimed to be due.[10]   When the balance due on a credit-card account is not substantiated by an itemization of the credits and debits leading to that balance, a genuine issue of material fact remains concerning the amount due on the account.[11]

{¶ 8} Here, the evidence that CFC had properly placed before the trial court as attachments to the litigation director's affidavit established only that (1) Mays had opened a credit-card account with Citibank under the terms of a credit agreement attached to the affidavit, (2) Mays's account with Citibank had been properly assigned to CFC, and (3) according to the text of the affidavit itself, "[c]rediting all payments received to date, [Mays had an unpaid balance] of $7,909.43 plus interest at the rate of 23.90% per annum on $4,676.09 from June 5, 2009."   This statement in the director's affidavit was the sole evidence establishing the amount due on Mays's account.   No evidence was presented that substantiated the credits and debits leading to that balance.

{¶ 9} Accordingly, we conclude that CFC failed to demonstrate the absence of genuine issues of material fact concerning the amount due on the account.[12]   The trial court erred in entering summary judgment for CFC.   The first assignment of error is sustained.   We overrule the second assignment of error, as CFC did present evidence of valid assignment agreements with Citibank.

{¶ 10} Therefore, the trial court's entry of summary judgment is reversed, and this case is remanded for further proceedings consistent with law and this decision.

Judgment reversed
and cause remanded.

CUNNINGHAM, P.J., and HENDON and MALLORY, JJ., concur.

---

10.   See *Great Seneca Fin. v. Felty* at ¶ 6, citing *Brown v. Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App.2d 123, 38 O.O.2d 143, 223 N.E.2d 373.

11.   See id. at ¶ 16.

12.   See id.