[Cite as *Midland Funding. L.L.C. v. Farrell*, 2013-Ohio-5509.]

IN THE COURT OF APPEALS FIRST

APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MIDLAND FUNDING LLC, d.b.a. | : | APPEAL NO. C-120674 |
| MIDLAND FUNDING DE LLC, | | TRIAL NO. 12CV-10765 |
| | : | |
| Plaintiff-Appellee, | | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| WILLIAM I. FARRELL, | | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 24, 2013

*Javitch, Block & Rathbone, LLC,* and *Steven E. Alslip,* for Plaintiff-Appellee,

*William I. Farrell*, pro se.

Please note: this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   Defendant-appellant William Farrell contests the entry of summary judgment for plaintiff-appellee Midland Funding LLC ("Midland") on its claim to collect an unpaid balance due on a credit-card account.  Because we determine that Midland was entitled to judgment as a matter of law on its action on account, we affirm.

{¶2}   Midland alleged in its complaint that it had acquired all the rights, title, and interest in Farrell's credit-card account with Chase Bank, and that Farrell owed $8,331.05.   In his answer, Farrell denied the allegations and asserted as a defense that Midland was not the proper party in interest to bring suit.  Midland then moved for summary judgment, supporting its motion with the affidavits of April Crandall and Martin Lavergne, a redacted bill of sale between Chase Bank and Midland, and account statements dated from late October 2008, with a starting balance of $6,367.99, to April 2010, which contained Farrell's name and an account number ending in 9263.

{¶3}   Crandall averred that she was a legal specialist for the servicer of the account at issue, Midland Credit Management, Inc., who had access to Midland's records.  Crandall averred the following:

> Plaintiff is the current owner of, and/or successor to, the
> obligation sued upon, and was assigned all the rights,
> title, and interest to defendant's CHASE BANK USA,
> N.A. account XXXXXXXXXXX9263 (MCM Number
> [redacted]) (hereinafter "the account").  I have access to
> and have reviewed the records pertaining to the account

and am authorized to make this affidavit on plaintiff's behalf.

{¶4} Crandall also stated in her affidavit that Farrell owed $8,331.05 on the account. Lavergne averred that he was an officer of JPMorgan Chase Bank, N.A., and that Chase Bank sold a pool of charged-off accounts to Midland. Finally, the bill of sale provided, in part, that Chase Bank had assigned "all rights, title and interest * * * in and to those certain receivables, judgments or evidences of debt described in the Final Data File entitled (Account's Primary Final Name) attached hereto and made part hereof for all purposes." The "Final Data File" referenced as an attachment to the bill of sale was never filed with the trial court.

{¶5} In response to Midland's motion for summary judgment, Farrell filed an affidavit requesting more time to complete discovery, averring in part that more discovery was needed on the issue of Midland's standing to bring suit. Farrell submitted no evidence of any kind to dispute that his account with Chase Bank had been assigned to Midland. The trial court denied Farrell's request for more discovery and granted summary judgment for Midland.

{¶6} In a single assignment of error, Farrell contends that the trial court erred in granting summary judgment for Midland. Farrell specifically argues that the trial court erred in not allowing him more time to conduct discovery, and in relying on the affidavits of Crandall and Lavergne because neither allegedly properly authenticated the records attached to Midland's motion, nor did they establish a valid chain of assignment.

## Summary Judgment

{¶7}     Under Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party. *See State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994). Where a party moves for summary judgment as to its claims, that party has the initial burden to identify the absence of genuine issues of material fact on essential elements of its claims. *See* Civ.R. 56(A); *see also Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden to set forth specific facts, by the means listed in Civ.R. 56(C) and 56(E), showing that triable issues of fact exist, and cannot rest on the allegations or denials in the pleadings. *See Dresher*.

{¶8}     We review a trial court's grant of summary judgment de novo. *E.g.*, *Jorg v. Cincinnati Black United Front*, 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781 (1st Dist.).

## Failure to Object to Authenticity of Documents

{¶9}     As to Farrell's claim that the account statements and bill of sale were not properly authenticated, Farrell never objected to the authenticity of these records at the trial-court level, and therefore, he has waived all but plain error on appeal. *See, e.g., Gallagher v. Cleveland Browns Football Co.*, 74 Ohio St.3d 427, 436-437, 659 N.E.2d 1232 (1996). The plain error doctrine is not favored in civil cases, and it should only be applied in "the extremely rare case involving exceptional

circumstances where error * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *See Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. We refuse to recognize the failure, if any, to properly authenticate these documents as plain error.

## Civ.R. 56(F) Motion

{¶10} Farrell also argues that the trial court erred in overruling his Civ.R. 56(F) motion seeking more time for discovery. We review a trial court's decision granting or denying a party's request for more time for discovery for an abuse of discretion, and a denial of such request should be upheld if the party fails to show that the requested discovery would have precluded summary judgment. *See Bank of Am., N.A. v. Omega Design/Build Group LLC*, 1st Dist. Hamilton No. C-100018, 2011-Ohio-1650, ¶ 40. "General averments requesting a continuance for the purpose of discovery are insufficient as 'the party seeking the Civ.R. 56(F) continuance must state a factual basis and reasons why the party cannot present sufficient documentary evidence without a continuance.' " *BAC Home Loans Servicing, LP. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, 958 N.E.2d 194, ¶ 18 (12th Dist.), quoting *Silver v. Jewish Home of Cincinnati*, 190 Ohio App.3d 549, 2010-Ohio-5314, 943 N.E.2d 577, ¶ 20 (12th Dist.).

{¶11} In his Civ.R. 56(F) motion, Farrell requested more time for discovery to "adequately investigate [Midland's] allegations" and to possibly file counterclaims or additional claims against others. Farrell also argued that he "never had any contractual relationship, account, or other fiduciary relationship * * * [with Midland], and the lack of any such standing would entitle [him] to the ordinary

discovery efforts applicable to a civil action prior to granting a motion for summary judgment."

{¶12} Farrell, however, had more than three months in which to initiate discovery upon Midland prior to the filing of Midland's summary-judgment motion, during which time Farrell was served with, and responded to, Midland's discovery requests. Farrell did nothing to advance the discovery he argued was needed, prior to his Civ.R. 56(F) motion. Therefore, we cannot say that the trial court's decision in overruling Farrell's request under Civ.R. 56(F) was unreasonable, arbitrary, or unconscionable. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### Existence of a Valid Assignment Agreement

{¶13} In order to establish a prima facie case for money owed on an account, Midland must show the following:

> [a]n account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due.

(Internal quotations omitted.) *See Gabriele v. Reagan*, 57 Ohio App.3d 84, 87, 566 N.E.2d 684 (12th Dist.1988).

{¶14} Midland, as an assignee, also must establish the existence of a valid assignment agreement. *See Capital Fin. Credit, LLC v. Mays*, 191 Ohio App.3d 56,

2010-Ohio-4423, 944 N.E.2d 1184, ¶ 6 (1st Dist.); *Zwick & Zwick v. Suburban Constr. Co.*, 103 Ohio App. 83, 84, 134 N.E.2d 733 (8th Dist.1956). To establish the existence of a valid assignment agreement for purposes of summary judgment, courts have required more than an averment by an assignee that it has acquired all rights, title, and interest in the account. *See EMCC Invest. Ventures, LLC v. Rowe*, 11th Dist. Portage No. 2011-P-0053, 2012-Ohio-4462, ¶ 26 (evidence insufficient to establish chain of title on an account where the alleged assignee presented an affidavit of an employee who averred that the assignee had acquired all rights, title, and interest in the account, but no bill of sale or similar document detailing the terms of the assignment were presented).

{¶15} In this case, the trial court properly granted summary judgment to Midland. Midland produced evidence in the form of affidavits on all elements of an action on an account. Crandall's affidavit contained the unequivocal and uncontradicted statement that Midland was the successor in interest to Farrell's account and that Farrell owed $8,331.05. The affidavit further contained the last four digits of Farrell's account number, which matched the last four digits of the account number on the specific account statements with Farrell's name on them. Crandall's affidavit and the account statements, together with Lavergne's affidavit and the bill of sale, were sufficient to establish the absence of any genuine issues of material fact as to the elements of Midland's claim.

{¶16} Farrell then failed to meet his reciprocal burden as the nonmoving party to set forth specific factual evidence showing a genuine issue of material fact. *See Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264; *see also Gabriele*, 57 Ohio

App.3d at 87, 566 N.E.2d 684. Because he did not submit any evidence permitted under Civ.R. 56, Farrell did not create a material fact dispute.

{¶17} Because we determine that summary judgment was properly granted to Midland by the trial court, we overrule Farrell's assignment of error. The judgment of the trial court is affirmed.

Judgment affirmed.

**HILDEBRANDT, P.J.,** concurs.
**CUNNINGHAM, J.,** dissents.

**CUNNINGHAM, J.,** dissenting,

{¶18} Because Midland did not establish that it is the assignee of Farrell's credit-card account, I respectfully dissent.

{¶19} When, as here, a plaintiff brings an action on an account obtained from another entity, it must "allege and prove the assignment." *See Worldwide Asset Purchasing, L.L.C. v. Sandoval*, 5th Dist. Stark No. 2007-CA-00159, 2008-Ohio-6343, ¶ 26, quoting *Zwick v. Zwick*, 103 Ohio App. 83, 84, 134 N.E.2d 733 (8th Dist.1956); *see also Capital Fin. Credit*, 191 Ohio App.3d 56, 2012-Ohio-4423, 944 N.E.2d 1184, at ¶ 6 (holding that an assignee bringing an action on an account must establish the existence of a valid assignment agreement).

{¶20} Midland claims that it was the purported assignee of Farrell's credit-card account. Midland, as a party seeking summary judgment on its own claim, bears the burden of affirmatively demonstrating as a matter of law that there are no genuine issues of material fact with respect to every essential element of its claim. *See* Civ.R. 56(A); *see also Capital Fin. Credit*, 191 Ohio App.3d 56, 2012-Ohio-4423, 944 N.E.2d

1184, at ¶ 5. Farrell's reciprocal burden to establish the existence of genuine issues of material fact does not arise if Midland cannot meet its initial burden. *See Capital Fin. Credit*, 191 Ohio App.3d 56, 2012-Ohio-4423, 944 N.E.2d 1184, at ¶ 5.

{¶21} Here, Midland has failed to establish an essential element of its claim: that Farrell's account was among those assigned to Midland. *See Hudson & Keyse, LLC v. Yarnevic-Rudolph*, 7th Dist. Jefferson No. 09 JE 4, 2010-Ohio-5938, ¶ 24. Crandall's affidavit states only that Midland is the current owner of Farrell's account. It does not describe when or under what terms Midland acquired the account. Lavergne's affidavit and the one-page, redacted bill of sale establish that on November 28, 2011, Midland became the assignee of Chase Bank's interest in "certain receivables, judgments or evidences of debt." But the list identifying those accounts—the Final Data File—was never filed with the trial court. Thus Midland did not present any evidence to the trial court that Farrell's agreement was among the accounts assigned to Midland by Chase Bank.

{¶22} Since a genuine issue of material fact remains as to whether Farrell's account was among those properly assigned to Midland, an essential element of its claim, I would reverse the trial court's grant of summary judgment, and remand this case for further proceedings.

Please note:
        The court has recorded its own entry on the date of the release of this opinion.