[Cite as *Midland Funding, L.L.C. v. Coleman*, 2019-Ohio-432.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Midland Funding LLC Doing Business  Court of Appeals No. L-18-1095
In Ohio As Midland Funding DE LLC

Trial Court No. CV1709276

       Appellee

v.

Desiree Coleman AKA Desiree L. Coleman
AKA Desiree L. Johnston  **DECISION AND JUDGMENT**

       Appellant  Decided:  February 8, 2019

* * * * *

Desiree L. Coleman, pro se.

* * * * *

**MAYLE, P.J.**

{¶ 1} Defendant-appellant, Desiree Coleman, appeals the March 27, 2018 judgment of the Toledo Municipal Court, granting summary judgment in favor of plaintiff-appellee, Midland Funding LLC, Doing Business In Ohio As Midland Funding DE LLC ("Midland Funding").  For the reasons that follow, we reverse the trial court judgment.

## I. Background

{¶ 2} On June 28, 2017, Midland Funding filed a complaint in Toledo Municipal Court against Desiree Coleman, alleging that it had acquired rights to an account originally owned by Credit One Bank, N.A., upon which Coleman owed $822.51. It attached a summary of account activity for the 30-day billing cycle ending on July 17, 2016, and sought judgment against Coleman for $822.51 plus the costs of the action.

{¶ 3} Coleman answered the complaint, denying every allegation, and asserting a variety of defenses, including (1) statute of frauds, (2) improper venue, (3) failure to state a claim upon which relief may be granted, (4) non-compliance with R.C. 1319.12, (5) lack of standing, (6) failure to join all necessary parties, (7) lack of privity of contract, and (8) lack of damages.

{¶ 4} Following the exchange of discovery, Midland Funding moved for summary judgment. It maintained that Coleman applied for and received an extension of credit through Credit One Bank and made various charges to the account.[1] It stated that Credit One Bank subsequently assigned the account to Midland Funding and Coleman failed to make payment on the account, and it claimed an outstanding balance of $822.51. It attached an affidavit from Melissa Smelter, a "Legal Specialist" who had accessed the business records of Midland Credit Management, Inc. ("MCM"), the entity that services the account on behalf of Midland Funding. Her affidavit stated that according to MCM's

---

[1] Midland Funding cited the complaint for these propositions, however, we note that these facts were not specifically alleged in the complaint.

2.

records, Coleman's Credit One Bank account was sold to MHC Receivables on July 18, 2016, then to Sherman Originator III LLC on August 15, 2016, then to Midland Funding LLC on August 23, 2016. As of October 9, 2017, Smelter averred, the account had an outstanding balance of $822.51.

{¶ 5} Coleman filed a "motion for summary judgment and denial of plaintiff['s] summary judgment." She argued that Midland Funding had failed to establish a valid assignment of the account under R.C. 1319.12 or that there had been any consideration. She claimed that there was no contract in writing between the parties, and Midland Funding is not in the business of providing credit services. Coleman also argued that the trial court lacked subject-matter jurisdiction under R.C. 1925.02(A)(2)(A)(ii) and the Fair Debt Collection Practices Act. She attached her own affidavit in support of her motion and opposition.

{¶ 6} The trial court granted summary judgment to Midland Funding in the amount of $822.51 plus court costs. Coleman appealed and assigns the following errors for our review:

First Assignment of Error

TRIAL COURT ERRED WHEN IT DECIDED IT HAD JURISDICTION TO RULE AGAINST APPELLANT[.]

3.

Second Assignment of Error

TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE DESPITE VALID DEFENSES TO APPELLEE'S CLAIMS[.]

## II. Standard of Review

{¶ 7} Appellate review of a summary judgment is de novo, *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), employing the same standard as trial courts. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The motion may be granted only when it is demonstrated:

(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978), Civ.R. 56(C).

{¶ 8} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293,

662 N.E.2d 264 (1996). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 826, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 201 (1986).

### III. Law and Analysis

{¶ 9} In her first assignment of error, Coleman challenges the trial court's jurisdiction. In her second assignment of error, she challenges the trial court's summary judgment decision. Midland Funding filed no brief in this action.

### A. Jurisdiction

{¶ 10} In her first assignment of error, Coleman argues that the trial court lacked subject-matter jurisdiction under R.C. 1925.02(A)(2)(a)(ii), and she claims that Midland Funding failed to establish itself as an assignee or holder in due course under R.C. 1319.12.

{¶ 11} R.C. 1925.02(A)(2)(a)(ii) provides that a small claims division of a municipal court "does not have jurisdiction in * * * [a]ctions on any claim brought by an

5.

assignee or agent * * *." This action was not brought in the small claims division of the municipal court. R.C. 1925.02(A)(2)(a)(ii) is, therefore, inapplicable.

{¶ 12} As to Coleman's argument that Midland Funding failed to establish itself as an assignee or holder in due course under R.C. 1319.12, this argument fits more appropriately into our analysis of her second assignment of error, which we discuss below.

{¶ 13} We find Coleman's first assignment of error not well-taken.

## B. The Summary Judgment Ruling

{¶ 14} In her second assignment of error, Coleman argues that summary judgment in favor of Midland Funding was improper because (1) Coleman had a valid statute-of-frauds defense, and (2) Midland Funding failed to establish the elements of its claim for action on an account. Related to this, Coleman argues that Midland Funding failed to establish the existence of a valid assignment agreement entitling it to collect on the account.

{¶ 15} An action to collect on a credit-card balance is an action for money owed on an account. *Capital Fin. Credit v. Mays*, 191 Ohio App.3d 56, 2010-Ohio-4423, 944 N.E.2d 1184, ¶ 6 (1st Dist.). To establish a prima facie case for money owed on an account, the following information must be affirmatively established:

An account must show the name of the party charged and contain:

(1) a beginning balance (zero, or a sum that can qualify as an account

stated, or some other provable sum); (2) listed items, or an item, dated and

6.

identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due.

*Gabriele v. Reagan*, 57 Ohio App.3d 84, 87, 566 N.E.2d 684 (12th Dist.1988).

{¶ 16} In addition, because the account was purportedly assigned to Midland Funding, it must establish the existence of a valid assignment agreement. "To establish the existence of a valid assignment agreement for purposes of summary judgment, courts have required more than an averment by an assignee that it has acquired all rights, title, and interest in the account." *Midland Funding LLC v. Farrell*, 1st Dist. Hamilton No. C-120674, 2013-Ohio-5509, ¶ 14. *See EMCC Invest. Ventures, LLC v. Rowe*, 11th Dist. Portage No. 2011-P-0053, 2012-Ohio-4462, ¶ 26 (finding evidence insufficient to establish chain of title on account where alleged assignee presented affidavit of employee who averred that assignee had acquired all rights, title, and interest in the account, but did not present bill of sale or similar document detailing terms of assignment).

{¶ 17} Here, Midland Funding's assertion that Coleman's account was assigned to it is supported only by an averment in an affidavit indicating that Midland Funding acquired all rights, title, and interest in the account—it provided no bill of sale or similar documents detailing the terms of the assignment.[2] As such, it is insufficient to establish

---

[2] In opposition to a motion to compel discovery, Midland Funding attached as an exhibit its responses to discovery requests served by Coleman, including numerous affidavits and

7.

the existence of a valid assignment agreement for purposes of summary judgment.  *See Midland Funding LLC v. Biehl*, 5th Dist. Stark No. 2013 CA 00035, 2013-Ohio-4150, ¶ 24 (reversing summary judgment ruling in favor of Midland Funding and finding affidavit averring assignment, copies of credit card statements, and one-page bill of sale insufficient evidence that debtor's account was among those assigned to Midland); *see also Midland Funding, LLC v. Snedeker*, 5th Dist. Licking No. 13-CA-56, 2014-Ohio-887, ¶ 21.

{¶ **18**} Likewise, Midland Funding's only proof of the amount owing on the account is a single averment in an affidavit.  While it attached to its complaint a summary of account activity for the 30-day billing cycle ending July 17, 2016, this document (1) was not attached to its summary judgment motion, (2) was not properly authenticated for purposes of Civ.R. 56(C), and (3) did not include all information required to establish a prima facie case for money owed on an account.

---

documents that appear to be of the type necessary to establish (1) the validity of the assignment, and (2) the details pertinent to calculating the account balance.  But Midland Funding made no reference to these materials in its previously filed summary judgment motion.  A party moving for summary judgment must inform the trial court of the basis for the motion and point to parts of the record that show the absence of a genuine issue of material fact.  *Ciszewski v. Kolaczewski*, 9th Dist. Summit No. 26508, 2013-Ohio-1765, ¶ 32, citing *Dresher,* 75 Ohio St.3d at 292-293, 662 N.E.2d 264 at 292-293; *Jackson v. Walker*, 9th Dist. Summit No. 22996, 2006-Ohio-4351, ¶ 19.  Given that Midland Funding did not point to these materials in its motion for summary judgment, we can conclude only that it did not rely on them to establish the absence of a genuine issue of material fact.

8.

**{¶ 19}** Accordingly, we find that the trial court erred in granting summary judgment in favor of Midland Funding. We find Coleman's second assignment of error well-taken.

## IV. Conclusion

**{¶ 20}** We reject Coleman's challenge to the trial court's jurisdiction. This action was not brought in small claims court, thus R.C. 1925.02(A)(2)(a)(ii) is inapplicable. We find Coleman's first assignment of error not well-taken.

**{¶ 21}** We agree with Coleman that the trial court erred in granting summary judgment to Midland Funding. It failed to establish that Coleman's account was validly assigned to it, and it failed to establish the elements necessary to an action on an account. We find Coleman's second assignment of error well-taken.

**{¶ 22}** We reverse the March 27, 2018 judgment of the Toledo Municipal Court and remand the matter for proceedings consistent with this decision. The costs of this appeal are assessed to Midland Funding under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.         _____
                                                                JUDGE

Thomas J. Osowik, J.       

                                                                _____
Christine E. Mayle, P.J.                                          JUDGE
CONCUR.

                                                                _____
                                                                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.