[Cite as *Absolute Resolutions Invests., L.L.C. v. Marshall*, 2026-Ohio-2008.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, | : | APPEAL NO. C-250415<br>TRIAL NO. A-2403270 |
| Plaintiff-Appellee, | : | |
| vs. | : | *JUDGMENT ENTRY* |
| JUSTIN C. MARSHALL, | : | |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/29/2026 per order of the court.**

**By:**_____
       **Administrative Judge**

[Cite as *Absolute Resolutions Invests., L.L.C. v. Marshall*, 2026-Ohio-2008.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| ABSOLUTE RESOLUTIONS INVESTMENTS, LLC, | : | APPEAL NO. | C-250415 |
| | | TRIAL NO. | A-2403270 |
| Plaintiff-Appellee, | : | | |
| | : | | |
| vs. | : | *O P I N I O N* | |
| | : | | |
| JUSTIN C. MARSHALL, | : | | |
| Defendant-Appellant. | : | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 29, 2026

*Stenger & Stenger, PC, David Hoff, Law Office of Boyd W. Gentry, LLC,* and *Boyd W. Gentry* for Plaintiff-Appellee,

*A. Barnes Law, LLC,* and *Andrew Barnes* for Defendant-Appellant.

**Bock, Judge.**

{¶1} In this appeal, defendant-appellant Justin Marshall challenges the trial court's summary judgment in favor of plaintiff-appellee Absolute Resolutions Investments, LLC ("Absolute Resolutions"). In three assignments of error, Marshall argues that summary judgment was improper because (1) the trial court failed to follow binding precedent, (2) Absolute Resolutions failed to produce evidence demonstrating it had acquired Marshall's account as part of its purchase of numerous delinquent accounts, and (3) the trial court did not construe the evidence in Marshall's favor as the nonmoving party.

{¶2} We disagree and hold that an asset schedule produced in response to an order for a more definite statement, in conjunction with Absolute Resolutions' evidence submitted in support of its summary-judgment motion, established the absence of a genuine issue of material fact involving the validity of the assignment of Marshall's account to Absolute Resolutions.

{¶3} Therefore, we overrule Marshall's three assignments of error and affirm the trial court's judgment.

## I. Factual and Procedural History

{¶4} Absolute Resolutions is a debt collector. It sued Marshall to recover $2,435.01 Marshall owed on a defaulted credit card account issued by U.S. Bank National Association ("U.S. Bank"). Absolute Resolutions' complaint alleged that it acquired Marshall's account under an assignment from U.S. Bank. In support, Absolute Resolutions attached a March 2020 bank statement.

{¶5} Marshall moved to dismiss the complaint, arguing that Absolute Resolutions had failed to attach documentation of the alleged assignment. Alternatively, Marshall moved for a more definite statement under Civ.R. 12(E). The

trial court granted the motion for a more definite statement and ordered Absolute Resolutions to produce documentation of the assignment, any chain-of-title documentation, and the statement reflecting a "'zero' beginning balance."

{¶6} Consistent with that order, Absolute Resolutions filed a more definite statement to "supplement previous pleadings." Relevant here, Absolute Resolutions attached a November 2023 letter from U.S. Bank to Marshall informing him of the assignment of his account to Absolute Resolutions, as well as a "Bill of Sale and Assignment of Assets" that transferred ownership of U.S. Bank's "right, title, and interest in and to each of the assets identified" in an attached asset schedule. The asset schedule listed Marshall's account number, his name, charge-off date, original charge amount, current balance, total payments made, and other account information.

{¶7} Marshall moved for summary judgment, arguing that Absolute Resolutions failed to prove the assignment because the bill of sale was incomplete as it referenced a separate electronic file. Absolute Resolutions responded with an affidavit by Sarah Lorenz stating that U.S. Bank had assigned Marshall's account to Absolute Resolutions in November 2023 and that the balance owed was $2,435.01. Marshall moved to strike the affidavit. The trial court denied Marshall's motions.

{¶8} Absolute Resolutions filed its own motion for summary judgment. In support of its claim to recover on the assigned account, Absolute Resolutions attached an affidavit averring that Absolute Resolutions was the current owner of Marshall's account and had been assigned all rights, title, and interest in Marshall's account. Absolute Resolutions submitted the bill of sale, monthly account statements from September 2018 through March 2020, and the credit card agreement. Marshall did not respond to Absolute Resolutions' motion for summary judgment.

4

**{¶9}** The trial court granted Absolute Resolutions' summary-judgment motion. It found that Absolute Resolutions' evidence established facts entitling it to judgment and that Marshall did not submit evidence contradicting those facts. The trial court awarded Absolute Resolutions damages and interest.

## II. Analysis

**{¶10}** On appeal, Marshall raises three interrelated assignments of error: the trial court erred by (1) determining that the evidence proved the assignment of Marshall's account contrary to *Midland Funding, LLC v. Snedeker,* 2014-Ohio-887 (5th Dist.); (2) granting summary judgment based on a single-page bill of sale that failed to establish Absolute Resolutions was the real party in interest; and (3) failing to construe the evidence in a light most favorable to Marshall as the nonmoving party. For ease of analysis, we consider the three assignments of error together.

### A. *Summary judgment*

**{¶11}** We review a trial court's summary judgment de novo. *Midland Funding LLC v. Farrell*, 2013-Ohio-5509, ¶ 8 (1st Dist.). Under Civ.R. 56(C), summary judgment may be granted if the moving party shows that, when construing the evidence most strongly in the nonmoving party's favor, no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.* at ¶ 7. In support of its motion, the moving party must cite evidence or stipulations to establish both the elements of its claim and the absence of a genuine issue of material fact. *Id.,* citing Civ.R. 56(A). If the moving party satisfies its burden, "the nonmoving party then has a reciprocal burden to set forth specific facts, by the means listed in Civ.R. 56(C) and 56(E), showing that triable issues of fact exist." *Id.*

**B. *Actions on assigned accounts***

{¶12} A creditor attempting to recover money owed on an account must prove the account holder's identity, the beginning balance, documentation of account activity, and either a running balance or an "'arrangement of beginning balance and items which permits the calculation of the amount claimed to be due.'" *Id.* at ¶ 14, quoting *Gabriele v. Reagan*, 57 Ohio App.3d 84, 87 (12th Dist. 1988).

{¶13} The only disputed issue in this appeal is the existence of a valid assignment, which is "'an act which extinguishes in whole or in part the assignor's right and creates a similar right in the assignee.'" *Smith v. Boston Mut. Life Ins. Co.*, 2013-Ohio-2510, ¶ 6 (1st Dist.), quoting Restatement of the Law 2d, Contracts, Assignment and Delegation, § 331 (1981). When an alleged assignee tries to recover on an assigned account, in addition to proving each element of an action on an account, it also "must establish the existence of a valid assignment agreement." *Id.* at ¶ 14; *see EMCC Invest. Ventures,* 2012-Ohio-4462, ¶ 26 (11th Dist.) ("the assignee must prove that they are the real party in interest for purposes of bringing the action"). Without proof that the assignor validly assigned the account to the plaintiff-alleged assignee, the plaintiff cannot establish chain of title and is "barr[ed] from recovering on the account." *Citibank, N.A. v. Hine*, 2019-Ohio-464, ¶ 31 (4th Dist.).

{¶14} In *Farrell,* we recognized that a plaintiff looking to collect on an assigned account must prove a valid assignment with more than a general averment of ownership. *Farrell,* 2013-Ohio-5509, at ¶ 14 (1st Dist.); *see Midland Funding LLC v. Coleman*, 2019-Ohio-432, ¶ 16 (6th Dist.). Because we construe the evidence in the nonmoving party's favor at the summary judgment stage, the evidence must include a "clear statement or documentation," rather than "inferences and bald assertions," to show that no issue of material fact exists involving the assignment's validity. *First*

*Union Natl. Bank v. Hufford,* 146 Ohio App.3d 673, 679 (3d Dist. 2001). The evidence must prove "'how and when'" the assignor transferred the rights to the account to the assignee. *Hudson & Keyse, LLC v. Yarnevic-Rudolph*, 2010-Ohio-5938, ¶ 24 (7th Dist.), citing *Washington Mut. Bank, F.A. v. Green*, 2004-Ohio-1555, ¶ 32 (7th Dist.).

### C. *The trial court properly granted summary judgment*

**{¶15}** Marshall insists that the Fifth District's opinion in *Snedeker* requires us to reverse the trial court's judgment. In *Snedeker*, Midland Funding moved for summary judgment on its claim to recover the balance due on Snedeker's credit card account. *Snedeker*, 2014-Ohio-887, at ¶ 2 (5th Dist.). To prove the assignment of the account, Midland Funding attached (1) an affidavit signed by Midland Funding's legal specialist, who averred that Snedeker's account had been assigned to Midland Funding, and (2) a bill of sale that relied on an appendix to identify the accounts transferred to Midland Funding under that agreement. *Id.* at ¶ 4. But Midland Funding did not attach the appendix to its motion. *Id.* The *Snedeker* court held that the evidence was insufficient to prove the assignment as a matter of law and created a genuine issue of material fact regarding "whether Snedeker's account was among those properly assigned to Midland." *Id.* at ¶ 22.

**{¶16}** Marshall argues that the trial court should have denied Absolute Resolutions' motion under *Snedeker* because, in his view, Absolute Resolutions produced nothing more than a single-page document to prove the assignment of Marshall's account. We disagree.

**{¶17}** First, *Snedeker* is not binding authority in this district. This court, and trial courts within the First District, are bound by Supreme Court of Ohio opinions and First District precedent. *See Estate of Aukland v. Broadview NH, LLC*, 2020-Ohio-6722, ¶ 15 (1st Dist.). While persuasive, decisions from other appellate districts are not

binding on this court. *State v. Thompson*, 2013-Ohio-1981, ¶ 10 (1st Dist.).

**{¶18}** Second, even if *Snedeker* were binding precedent, this case is distinguishable from *Snedeker* and the trial court properly granted summary judgment. The record in this case includes documentation that unequivocally identifies Marshall's account as among the accounts assigned by U.S. Bank to Absolute Resolutions. Recall that the trial court granted Marshall's motion for a more definite statement and ordered Absolute Resolutions to produce documents showing the assignment, along with other financial records. Absolute Resolutions complied and supplemented its pleadings with the bill of sale and asset schedule, which reveals that Absolute Resolutions acquired the right to Marshall's account from U.S. Bank.

**{¶19}** The Supreme Court of Ohio has explained that an order granting a motion for a more definite statement under Civ.R. 12(E) requires "an amended pleading or supplemental statement." *Westmoreland v. Valley Homes Mut. Hous. Corp.*, 42 Ohio St.2d 291, 292 (1975). When a party complies with a court's order to file a more definite statement, that filing "becomes part of the pleadings." *Id.*, citing *Modern Food Process Co. v. Chester Packing & Provision Co.*, 29 F.Supp. 405, 406 (E.D.Pa. 1939) ("As has frequently been observed, information as to matters elicited under Rule 12(e) become part of the pleadings."). As such, under *Westmoreland,* the bill of sale and asset schedule were part of Absolute Resolutions' pleadings.

**{¶20}** And under Civ.R. 56(E), a court may consider the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action" when ruling on a motion for summary judgment. Unlike the evidence in *Snedeker,* the asset schedule identifying Marshall's account as an account transferred to Absolute

Resolutions under the bill of sale was before the trial court when it considered the motion for summary judgement.

**{¶21}** Marshall also argues that the trial court failed to construe the evidence in his favor as the nonmoving party at the summary-judgment stage as required by Civ.R. 56(C). But the trial court could consider the asset schedule when ruling on the motion for summary judgment. And when we construe the evidence in Marshall's favor, Absolute Resolutions demonstrated that it was entitled to a judgment as a matter of law.

**{¶22}** We overrule Marshall's three assignments of error.

### *III. Conclusion*

**{¶23}** We overrule Marshall's three assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.