[Cite as *Midland Funding, L.L.C. v. Biehl*, 2013-Ohio-4150.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MIDLAND FUNDING LLC | JUDGES:<br>Hon. Sheila G. Farmer, P. J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2013 CA 00035 |
| JEFFREY BIEHL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:             Civil Appeal from the Massillon Municipal
                                     Court, Case No.  2012 CVF 442


JUDGMENT:                            Affirmed in Part; Reversed in Part and
                                     Remanded


DATE OF JUDGMENT ENTRY:              September 23, 2013


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MARK C. BRNCIK                        W. LOVE II
JAMES Y. OH                           739 West Rextur Drive
JAVITCH, BLOCK & RATHBONE             Akron, Ohio  44319
1100 Superior Avenue, 19th Floor
Cleveland, Ohio  44114-2581

*Wise, J.*

{¶1} Appellant Jeffery Biehl, aka Jeffrey Biehl, appeals the decision of the Massillon Municipal Court, Stark County, which granted a monetary judgment in favor of Appellee Midland Funding, LLC in a collection action initiated by appellee. The relevant facts leading to this appeal are as follows.

{¶2} On February 21, 2012, Appellee Midland Funding LLC, holding itself out as the assignee of Appellant Jeffrey Biehl's credit card account with HSBC Bank Nevada, N.A., filed a "complaint for money" in the trial court seeking an amount due of $1,351.02, plus interest and costs, relating to charges on HSBC card account xxxx-xxxx-xxxx-4894.

{¶3} On April 13, 2012, appellant filed a motion to dismiss, claiming that the complaint did not satisfy the requirements of Civ.R. 10 because no contract evincing an assignment from HSBC to Appellee Midland was attached to the complaint and because no contract between HSBC and appellant was attached to the complaint. Appellee filed a response to appellant's motion on April 23, 2012.

{¶4} The trial court denied appellant's motion to dismiss on October 26, 2012.

{¶5} On November 13, 2012, appellant filed an answer, denying all allegations pled in the complaint and again claiming that the complaint did not comply with Civ.R. 10.

{¶6} On November 14, 2012, appellee filed a motion for summary judgment.

{¶7} On November 26, 2012, appellant filed a combined brief in opposition to summary judgment and his own motion for summary judgment. Appellant therein again argued that Appellee Midland failed to satisfy the requirements of Ohio Civ.R. 10 and

that appellee is not the owner of the account. Appellant submitted an affidavit in which he denied any use of a credit card issued by HSBC Nevada N.A. and stated that he had not been furnished with a copy of his original contract with HSBC or a copy of the assignment of his account from HSBC to appellee. Appellee Midland filed a brief in opposition to appellant's motion for summary judgment on November 30, 2012.

{¶8} On January 9, 2013, according to the court's docket, appellant was granted fifteen days to respond to appellee's motion for summary judgment, despite appellant's aforesaid filing on November 26, 2012. Appellant did not file any further response.

{¶9} On January 25, 2013, appellee's motion for summary judgment was granted, and appellee was awarded $1,351.02, plus interests and costs.

{¶10} Appellant filed a notice of appeal on February 22, 2013. He herein raises the following four Assignments of Error:

{¶11} "I THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO COMPLY WITH CIVIL RULE 10, FOUND IN THE ORDER OF 10-26-12.

{¶12} "II. THE TRIAL COURT ERRED BY GRANTING APPELLEE SUMMARY JUDGMENT WHEN THE APPELLEE PRESENTED INSUFFICIENT EVIDENCE FOR SUMMARY JUDGMENT, FOUND IN THE ORDER OF 1-25-13.

{¶13} "III. THE TRIAL COURT ERRED BY GRANTING APPELLEE SUMMARY JUDGMENT WHEN APPELLANT PRESENTED SUFFICIENT FACTS TO REBUT THE APPELLEE'S AFFIDAVIT, FOUND IN APPELLANT'S REPLY TO APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

**{¶14}** "IV. THE TRIAL COURT ERRED BY FAILING TO RULE UPON APPELLANT'S MOTION FOR SUMMARY JUDGMENT FILED 11-26-12 AND COURT'S ORDER OF 1-25-13."

I.

**{¶15}** In his First Assignment of Error, appellant contends the trial court erred in denying his motion to dismiss based on the requirements of Civ.R. 10. We disagree.

**{¶16}** Civ.R. 10(D)(1) states as follows: "When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."

**{¶17}** We have recognized that a defendant who fails to file a motion for a more definite statement under Civ.R. 12(E) before filing an answer has waived his or her right to assert Civ.R. 10(D) as a basis for dismissing the plaintiff's complaint. *See State Farm Mutual Auto Ins. Co. v. Loken*, 5th Dist. Fairfield No. 04-CA-40, 2004-Ohio-5074, ¶ 21. Appellant failed to file a 12(E) motion in the case sub judice. Moreover, under Civ.R. 10(D), "it is not necessary to attach a complete copy of the account; instead, for pleading purposes, the statement must show the name of the party charged, a beginning balance representing 'a provable sum,' any debits or credits adjusting the balance for that statement, and a summary of the balance due on the account." *Capital One Bank v. Nolan*, 4th Dist. Washington App.No. 06CA77, 2008-Ohio-1850, ¶ 10, citing *Asset Acceptance Corp. v. Proctor,* 156 Ohio App.3d 60, 2004-Ohio-623, 804 N.E.2d 975, ¶ 12. Similarly, for pleading purposes, it is generally sufficient for the complaint to allege that the account has been assigned, and the non-attachment of the

assignment documents does not implicate Civ.R. 10(D)(1). *See Hudson & Keyse LLC v. Carson*, 10th Dist. Franklin No. 07AP-936, 2008-Ohio-2570, ¶ 11.

{¶18} In the case sub judice, Appellee Midland attached three HSBC credit card account statements to its complaint, each including the name "Jeffrey A. Biehl" with a mailing address, the monthly account balance, and adjustments to that balance over the relevant time period.

{¶19} Upon review, we hold appellee complied with the basic requirements of Civ.R. 10(D), and therefore appellant's motion to dismiss the complaint on said basis was properly denied by the trial court.

{¶20} Accordingly, appellant's First Assignment of Error is overruled.

II.

{¶21} In his Second Assignment of Error, appellant argues the trial court erred in granting summary judgment in favor of appellee, where appellee insufficiently documented that it was the assignee of the pertinent HSBC credit card account receivable. We agree.

{¶22} In the case sub judice, attached to Appellee Midland's motion for summary judgment was an affidavit from Melissa Haag, who works in the capacity of a records specialist for an agency in St. Cloud, Minnesota servicing accounts for appellee. In her affidavit, Haag stated that the HSBC account at issue had been assigned to appellee. See Exhibit A. Appellee also attached account statements to the summary judgment motion showing that purchases and payments had been made on said HSBC account. See Exhibit B. In addition, appellee attached a single-page bill of sale showing a transfer of various accounts from HSBC to Appellee Midland. *See* Exhibit C. The bill of

sale makes reference to "purchased receivables listed on the Sale File" which purports to be attached as another exhibit; however, such an exhibit is not attached, nor is it found elsewhere in the summary judgment documents.

**{¶23}** Appellant, in support of his argument, directs us to *Hudson & Keyse, LLC v. Yarnevic–Rudolph,* 7th Dist. Jefferson No. 09 JE 4, 2010–Ohio–5938. In that case, the Seventh District Court of Appeals concluded that even though the purported assignee (Hudson & Keyse) had attached an affidavit to its summary judgment motion averring that Hudson & Keyse was the assignee of assignor's (Beneficial Company's) interest in a personal loan agreement, " *** due to the fact that the agreement referred to in the assignment and bill of sale is not attached, it is not clear that [borrower's] account is among the assigned accounts." *Id.* at ¶ 24. The Court, having earlier reiterated what it labeled the "how and when" requirement set forth in *Washington Mut. Bank, F.A. v. Green,* 156 Ohio App.3d 461, 806 N.E.2d 604, 2004-Ohio-1555, thus concluded as follows: "To the extent that there is no evidence that [borrower's] personal loan agreement was among the accounts assigned to [Hudson & Keyse] by Beneficial, the trial court erred as a matter of law when it entered summary judgment." *Hudson & Keyse, LLC v. Yarnevic–Rudolph* at ¶ 24.

**{¶24}** We find a similar result is warranted in the case sub judice. In other words, although appellee herein attached (1) the affidavit from Ms. Haag generally averring that the HSBC Bank Nevada N.A. account no. xxxx-xxxx-xxxx-4894 had been assigned to appellee, (2) copies of several credit card statements showing purchases and payments on account no. xxxx-xxxx-xxxx-4894, and (3) the one-page bill of sale between HSBC Card Services and Appellee Midland from May 28, 2009, we hold there

was insufficient information to enable the trial court to determine as a matter of law that account no. xxxx-xxxx-xxxx-4894 was actually included in the group of accounts affected by the bill of sale and thus duly assigned to appellee for purposes of summary judgment.

**{¶25}** Therefore, the trial court erred in granting summary judgment in favor of Appellee Midland.

**{¶26}** Appellant's Second Assignment of Error is sustained.

III., IV.

**{¶27}** Based on our previous holdings herein, we find the issues raised in appellant's Third and Fourth Assignments of Error have been rendered moot.

**{¶28}** For the foregoing reasons, the judgment of the Massillon Municipal Court of Stark County, Ohio, is hereby affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN

JWW/d 0909

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


MIDLAND FUNDING LLC            :
                                    :

      Plaintiff-Appellee             :
                                    :

-vs-                                   :           JUDGMENT ENTRY
                                    :

JEFFREY BIEHL                  :
                                    :

      Defendant-Appellant       :           Case No. 2013 CA 00035


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court, Stark County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

Costs to be split equally between the parties.


_____
HON. JOHN W. WISE


_____
HON. SHEILA G. FARMER


_____
HON. CRAIG R. BALDWIN