[Cite as *Midland Funding, L.L.C. v. Snedeker*, 2014-Ohio-887.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MIDLAND FUNDING, LLC DBA MIDLAND FUNDING DE LLC | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-56 |
| | : | |
| ROBERT SNEDEKER AKA ROBERT W. SNEDEKER | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County
                             Municipal Court, Case No. 12 CVF
                             03066


JUDGMENT:                    REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:      February 25, 2014


APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

AUDRA T. FUNK                          DAVID C. MORRISON
Javitch, Block & Rathbone, LLC         Morrison & Bindley
140 E. Town St., Suite 1250            987 Professional Parkway
Columbus, OH 43215                     Heath, OH 43056-1698

*Delaney, J.*

{¶1} Defendant-Appellant Robert Snedeker aka Robert W. Snedeker appeals the May 30, 2013 judgment entry of the Licking County Municipal Court.

## FACTS AND PROCEDURAL HISTORY

{¶2} On January 31, 2013, Plaintiff-Appellee Midland Funding, LLC DBA Midland Funding DE LLC filed an Amended Complaint against Defendant-Appellant Robert Snedeker aka Robert W. Snedeker in the Licking County Municipal Court. In the complaint, Midland alleged breach of contract, claim on account, money lent/money paid, and unjust enrichment. The complaint stated that in 1999, Snedeker entered into a contract for the extension of credit with Target National Bank. Snedeker or someone authorized by him made purchases on the Target credit card account XXXX-XXXX-XXXX-0675. Snedeker failed to make payments on the Target credit account. On November 22, 2011, Midland acquired the right, title, and interest in Snedeker's Target credit account from the assignor, Target National Bank. Midland notified Snedeker of the assignment of the credit account and demanded that Snedeker pay the balance due on the account. Snedeker did not remedy the credit account default. The complaint alleged Snedeker owed $6,500.07 on the credit account.

{¶3} Snedeker filed a Motion to Dismiss on February 19, 2013. The trial court denied the motion.

{¶4} On April 8, 2013, Midland filed its Motion for Summary Judgment. In support of its motion, Midland filed Snedeker's responses to Midland's interrogatories and request for production of documents, and requests for admission. Midland also filed the affidavit of Tanya Johnson, legal specialist who has access to account records

for Midland Credit Management, Inc., servicer of accounts on behalf of Midland.  In her affidavit, Johnson stated that Midland is the current owner of, and/or successor to, the obligation sued upon by Midland.  She averred that Target National Bank assigned to Midland all the rights, title, and interest to Snedeker's credit card account XXXX-XXXX-XXXX-0675.  She states that attached to the affidavit are records regarding the account and/or payment(s) received: bill of sale and assignment and/or billing statements.  The bill of sale, dated November 22, 2011, is a one page document reflecting the sale, assignment, and transfer to Midland of "Accounts listed in the electronic file identified in Appendix 1 hereto (the "Accounts") as provided in the Asset Sale Agreement dated June 10, 2011."  Appendix 1 is not attached to the bill of sale.  Next attached to the affidavit is a document with Snedeker's credit account information.  The bottom of the document contains the following statement: "Data printed by Midland Credit Management, Inc. from electronic records provided by Target National Bank and Target Receivables LLC pursuant to the bill of sale/assignment of accounts transferred on or about 11/22/2011 in connection with the sale of accounts from Target National Bank and Target Receivables LLC to Midland Funding LLC."  Finally, the affidavit provides copies of credit card statements showing purchases and payments on account number XXXX-XXXX-XXXX-0675 starting on May 1, 2009 with a balance of $6,498.33 and the credit card agreement.

{¶5}   Snedeker filed his response to the motion for summary judgment on April 23, 2013.

{¶6}   The trial court granted Midland's Motion for Summary Judgment on May 30, 2013.  The trial court awarded Midland judgment in the amount of $6,500.07 with statutory interest at a rate of 3.00% per annum from the date of the judgment.

{¶7}   It is from this decision Snedeker now appeals.

**ASSIGNMENTS OF ERROR**

{¶8}   Snedeker raises two Assignments of Error:

{¶9}   "I. THE SUMMARY JUDGMENT IS CONTRARY TO LAW, BECAUSE APPELLEE, MIDLAND FUNDING, LLC, FAILED TO DEMONSTRATE AN ABSENCE OF GENUINE ISSUE OF MATERIAL FACT CONCERNING THE QUESTION WHETHER IT WAS THE REAL PARTY IN INTEREST.

{¶10} "II. THE SUMMARY JUDGMENT IS CONTRARY TO LAW, BECAUSE MIDLAND FAILED TO DEMONSTRATE AN ABSENCE OF ANY GENUINE ISSUE OF MATERIAL FACT CONCERNING THE AMOUNT DUE."

**ANALYSIS**

***Standard of Review***

{¶11} Snedeker's two Assignments of Error concern the trial court's application of the summary judgment standard.  We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶12} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶13} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

### I. Real Party in Interest

{¶14} Snedeker argues in his first Assignment of Error the trial court erred in granting summary judgment in favor of Midland because there was a genuine issue of material fact whether Midland was the real party in interest. We agree.

{¶15} Midland brought its complaint on account based on an alleged assignment of the credit account from Target National Bank to Midland. In an action on an account, when an assignee is attempting to collect on an account in filing a complaint, the assignee must "allege and prove the assignment." *Zwick & Zwick v. Suburban Const. Co.*, 103 Ohio App. 83, 84, 134 N.E.2d 733 (8th Dist.1956). In other words, in order to prevail, the assignee must prove that they are the real party in interest for purposes of bringing the action. *Worldwide Asset Purchasing, L.L.C. v. Sandoval*, 5th Dist. Stark No. 2007–CA–00159, 2008–Ohio–6343, ¶ 26. An assignee cannot prevail on the claims assigned by another holder without proving the existence of a valid assignment agreement. *Sandoval*, ¶ 26 citing *Natl. Check Bur., Inc. v. Cody*, 8th Dist. Cuyahoga No. 84208, 2005–Ohio–283, citing *Zwick & Zwick, supra*.

{¶16} Midland, as the party seeking summary judgment on its claims, bears the responsibility of identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To support its claim that there is no genuine issue of material fact that it was assigned Snedeker's credit card account, Midland provided the affidavit of Tanya Johnson, legal specialist who has access to account records for Midland Credit Management, Inc., servicer of accounts on behalf of Midland. In her affidavit, Johnson stated that Midland is the current owner of, and/or successor to, the obligation sued upon by Midland. She averred that Target National Bank assigned to Midland all the rights, title, and interest to Snedeker's credit card account XXXX-XXXX-XXXX-0675.

She states that attached to the affidavit are records regarding the account and/or payment(s) received: bill of sale and assignment and/or billing statements.

{¶17} The bill of sale, dated November 22, 2011, is a one page document reflecting the sale, assignment, and transfer to Midland of "Accounts listed in the electronic file identified in Appendix 1 hereto (the "Accounts") as provided in the Asset Sale Agreement dated June 10, 2011." Appendix 1 is not attached to the bill of sale nor is it provided as Civ.R. 56 evidence.

{¶18} Next attached to the affidavit is a document with Snedeker's credit account information. The bottom of the document contains the following statement: "Data printed by Midland Credit Management, Inc. from electronic records provided by Target National Bank and Target Receivables LLC pursuant to the bill of sale/assignment of accounts transferred on or about 11/22/2011 in connection with the sale of accounts from Target National Bank and Target Receivables LLC to Midland Funding LLC." The document is silent as to whether the data was pulled from Appendix 1 referred to in the bill of sale. The affidavit of Tanya Johnson does not refer to this document.

{¶19} The affidavit provides copies of credit card statements showing purchases and payments on account number XXXX-XXXX-XXXX-0675 starting in May 1, 2009 with a balance of $6,498.33. Finally, the affidavit provides a copy of the credit card agreement issued by Target National Bank.

{¶20} In *Midland Funding, L.L.C. v. Biehl*, 5th Dist. Stark No. 2013 CA 00035, 2013-Ohio-4150, this court analyzed whether the Civ.R. 56 evidence presented by the plaintiff Midland Funding in support of its motion for summary judgment established

there was no genuine issue of material fact that it was assigned a credit card account and was entitled to judgment as a matter of law on its claim on account. We stated:

In the case sub judice, attached to Appellee Midland's motion for summary judgment was an affidavit from Melissa Haag, who works in the capacity of a records specialist for an agency in St. Cloud, Minnesota servicing accounts for appellee. In her affidavit, Haag stated that the HSBC account at issue had been assigned to appellee. See Exhibit A. Appellee also attached account statements to the summary judgment motion showing that purchases and payments had been made on said HSBC account. See Exhibit B. In addition, appellee attached a single-page bill of sale showing a transfer of various accounts from HSBC to Appellee Midland. See Exhibit C. The bill of sale makes reference to "purchased receivables listed on the Sale File" which purports to be attached as another exhibit; however, such an exhibit is not attached, nor is it found elsewhere in the summary judgment documents.

Appellant, in support of his argument, directs us to *Hudson & Keyse, LLC v. Yarnevic–Rudolph*, 7th Dist. Jefferson No. 09 JE 4, 2010–Ohio–5938. In that case, the Seventh District Court of Appeals concluded that even though the purported assignee (Hudson & Keyse) had attached an affidavit to its summary judgment motion averring that Hudson & Keyse was the assignee of assignor's (Beneficial Company's) interest in a personal loan agreement, " * * * due to the fact that the agreement referred to in the assignment and bill of sale is not attached, it is not clear

that [borrower's] account is among the assigned accounts." *Id*. at ¶ 24. The Court, having earlier reiterated what it labeled the "how and when" requirement set forth in *Washington Mut. Bank, F.A. v. Green*, 156 Ohio App.3d 461, 806 N.E.2d 604, 2004–Ohio–1555, thus concluded as follows: "To the extent that there is no evidence that [borrower's] personal loan agreement was among the accounts assigned to [Hudson & Keyse] by Beneficial, the trial court erred as a matter of law when it entered summary judgment." *Hudson & Keyse, LLC v. Yarnevic–Rudolph* at ¶ 24.

We find a similar result is warranted in the case sub judice. In other words, although appellee herein attached (1) the affidavit from Ms. Haag generally averring that the HSBC Bank Nevada N.A. account no. xxxx–xxxx–xxxx–4894 had been assigned to appellee, (2) copies of several credit card statements showing purchases and payments on account no. xxxx–xxxx–xxxx–4894, and (3) the one-page bill of sale between HSBC Card Services and Appellee Midland from May 28, 2009, we hold there was insufficient information to enable the trial court to determine as a matter of law that account no. xxxx–xxxx–xxxx–4894 was actually included in the group of accounts affected by the bill of sale and thus duly assigned to appellee for purposes of summary judgment.

*Midland Funding, L.L.C. v. Biehl*, 5th Dist. No. 2013 CA 00035, 2013-Ohio-4150, ¶ 22-24. *See, Midland Funding LLC v. Farrell*, 1st Dist. Hamilton No. C-120674, 2013-Ohio-5509 (Cunningham, J., dissenting).

{¶21} The Civ.R. 56 evidence presented by Midland in support of the assignment of Snedeker's credit card account is substantially similar to that presented in *Biehl*. The difference in the present case is that Midland also submitted a document with Snedeker's account information that Midland alleges was culled from the data referred to in the bill of sale. The statement on the document reads: "Data printed by Midland Credit Management, Inc. from electronic records provided by Target National Bank and Target Receivables LLC pursuant to the bill of sale/assignment of accounts transferred on or about 11/22/2011 in connection with the sale of accounts from Target National Bank and Target Receivables LLC to Midland Funding LLC." While the affidavit of Tanya Johnson refers to the attached bill of sale, assignment, and billing statement, the affidavit makes no mention of this document. This document is not Appendix 1 referred to in the bill of sale.

{¶22} At the appellate level, we conduct a de novo review of a motion for summary judgment from a posture most favorable to the non-moving party. In this case, following the precedent of *Biehl*, we find there is insufficient information to enable the trial court to determine as a matter of law that account number XXXX-XXXX-XXXX-0675 was included in the group of accounts affected by the bill of sale and referred to by Appendix 1. A genuine issue of material fact remains whether Snedeker's account was among those properly assigned to Midland.

{¶23} Snedeker's first Assignment of Error is sustained.

### II. Balance Due

{¶24} Snedeker argues in his second Assignment of Error the trial court erred in granting summary judgment because there are genuine issues of material fact as to the amount due.

{¶25} In order to In order to establish a prima facie case for money owed on an account, we held in *Worldwide Asset Purchasing, L.L.C. v. Sandoval* the plaintiff must show:

> "[a]n account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due." *Gabriele v. Reagan* (1988), 57 Ohio App.3d 84, 87, 566 N.E.2d 684, quoting *Brown v. Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App.2d 123, 223 N.E.2d 373, paragraph three of the syllabus. "[A]n action upon an account may be proved by the introduction of business records showing the existence of the account." *Wolf Automotive v. Rally Auto Parts, Inc.* (1994), 95 Ohio App.3d 130, 137, 641 N.E.2d 1195. See, generally, *Raymond Builders Supply, Inc. v. Slapnicker*, 11th Dist. No.2003-A-0040, 2004-Ohio-1437, at ¶ 8.

*Sandoval*, 5th Dist. Stark No. 2007-CA-00159, 2008-Ohio-6343, ¶ 27.

{¶26} We determined in the first Assignment of Error there was a genuine issue of material fact as to whether Midland is the real party in interest, an essential element of Midland's claim on account. Based on this conclusion, it is premature to determine whether Midland has demonstrated the remaining elements to its claim on account.

**CONCLUSION**

{¶27} For the foregoing reasons, we find the judgment of the Licking County Municipal Court is reversed and remanded for further proceedings consistent with this opinion and law.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.