[Cite as *Calvary SPV I, L.L.C. v. Workman*, 2019-Ohio-4750.]

CalCOURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CALVARY SPV, I LLC | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| STEPHANIE WORKMAN | : | Case No. 2019 CA 00020 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Municipal Court,
                                Case No. 18CVF02296


JUDGMENT:                       Reversed and Remanded


DATE OF JUDGMENT:               November 18, 2019


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MATTHEW S. SALYER                     JASON A. PRICE
4645 Executive Drive                  126 East Chestnut Street
Columbus, OH  43220                   Lancaster, OH  43130

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Stephanie Workman, appeals the February 26, and April 10, 2019 entries of the Municipal Court of Fairfield County, Ohio, overruling her objections and adopting the magistrate's decision granting summary judgment to Plaintiff-Appellee, Cavalry SPV I, LLC.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 17, 2018, appellee filed a complaint against appellant for non-payment on a credit card issued by Citibank, N.A.   The complaint alleged claims on account and unjust enrichment.

{¶ 3}   On December 27, 2018, appellee filed a motion for summary judgment, claiming genuine issues of material fact did not exist.   A hearing before a magistrate was held on February 15, 2019.   By decision filed February 15, 2019, the magistrate granted the motion, finding appellee had established the right to recover damages and was entitled to judgment in the amount of $11,353.24 plus interest and costs.   By entry filed February 26, 2019, the trial court adopted the magistrate's decision.

{¶ 4}   Appellant filed objections.   By entry filed April 10, 2019, the trial court overruled the objections and upheld its February 26, 2019 entry.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignment of error is as follows:

I

{¶ 6}   "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

I

{¶ 7}   In her sole assignment of error, appellant claims the trial court erred in granting summary judgment to appellee as appellee failed to carry its burden of demonstrating that it is the real party in interest.  We agree.

{¶ 8}   Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 9}   As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and

evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 10} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing

there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 11} As explained by our colleagues from the Eighth District in *Moreland v. Ksiazek,* 8th Dist. Cuyahoga No. 83509, 2004-Ohio-2974, ¶ 25:

Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. Those materials are affidavits, depositions, transcripts of hearings in the proceedings, written admissions, answers to interrogatories, written stipulations, and the pleadings, if timely filed. Civ.R. 56(C). Other types of documents may be introduced as evidentiary material only through incorporation by reference in a properly framed affidavit. *Martin v. Cent. Ohio Transit Auth.* (1990), 70 Ohio App.3d 83, 89, 590 N.E.2d 411. Documents that have not been sworn, certified, or authenticated by way of affidavit "have no evidentiary value." *Mitchell v. Ross* (1984), 14 Ohio App.3d 75, 470 N.E.2d 245.

{¶ 12} Appellee attached several documents to its December 27, 2018 motion for summary judgment. One document is a December 28, 2017 Bill of Sale and Assignment

with Citibank, N.A. through which appellee purchased various credit card accounts.  The Bill of Sale states Citibank sold and assigned "the Accounts described in Exhibit 1 to the Addendum and the final electronic file."  The Addendum is not attached.  There are two documents titled "Exhibit 1": one is "EXHIBIT 1 (CONT.)" which does not reference the subject account in any way, and the other is "Exhibit 1" which references a purchase date of December 28, 2017, and lists appellant's name with a redacted account number showing an outstanding balance of $11,353.24.  The Bill of Sale was verified by the affidavit of Sean Cooney, a senior Vice President for Citibank.  Mr. Cooney did not list appellant's name or reference the subject account as being part of the sale.  No documents were attached to the affidavit.  Appellee also attached unauthenticated statements issued by Citibank showing as of June 8, 2015, appellant purportedly owed $11,353.24 on the account.

{¶ 13} In her memorandum contra filed February 15, 2019, appellant argued that appellee failed to produce sufficient evidence of a lawful assignment and therefore the summary judgment motion should be denied.  We agree.

{¶ 14} This case has a very similar fact pattern to the case of *Midland Funding, LLC v. Snedeker,* 5th Dist. Licking No. 13-CA-56, 2014-Ohio-887, wherein this court reversed the grant of summary judgment to the plaintiff, finding there existed a genuine issue of material fact as to whether the defendant's account was properly assigned to the plaintiff.  First, this court noted at ¶ 15: "In an action on an account, when an assignee is attempting to collect on an account in filing a complaint, the assignee must 'allege and prove the assignment.' *Zwick & Zwick v. Suburban Const. Co.,* 103 Ohio App. 83, 84, 134 N.E.2d 733 (8th Dist.1956)."  In *Midland,* the plaintiff produced the affidavit of a legal

specialist who had access to the account records and averred the plaintiff was the current owner of the debt due and owing. The affiant confirmed that the plaintiff was assigned the subject account and specifically listed the defendant's name and account number. Attached to the affidavit were the bill of sale and billing statements. The bill of sale reflected the assignment of " 'Accounts listed in the electronic file identified in Appendix 1 hereto * * *.' " Appendix 1 was not attached nor provided as Civ.R. 56 evidence.

{¶ 15} Also attached to the affidavit was a document containing the defendant's credit account information. This document was silent "as to whether the data was pulled from Appendix 1 referred to in the bill of sale." *Midland* at ¶ 18. The affiant did not refer to this document. The affidavit contained copies of credit card statements and a copy of the credit card agreement. In reviewing all of the materials submitted by the plaintiff, this court found at ¶ 22, "insufficient information to enable the trial court to determine as a matter of law" that the subject account was included in the bill of sale and referred to by Appendix 1.

{¶ 16} In reviewing the case sub judice, we find the Civ.R. 56 evidence to be even less than produced in the *Midland* case. Here, Mr. Cooney did not reference appellant's name or account number. The affidavit merely confirmed the bill of sale which was not attached to his affidavit. The "Addendum" was not attached to the Bill of Sale, and the reference in the Addendum to "Exhibit 1" is ambiguous given the two different exhibits, neither of which were attached to the Bill of Sale or Mr. Cooney's affidavit.

{¶ 17} Following the sound analysis and reasoning of the *Midland* case, we too find insufficient evidence to enable the trial court to determine as a matter of law that the

subject account was properly assigned to appellee.  *Accord Midland Funding, LLC v. Biehl,* 5th Dist. Stark No. 2013 CA 00035, 2013-Ohio-4150.

{¶ 18} Upon review, we find a genuine issue of material fact to exist and therefore, the trial court erred in granting summary judgment to appellee.

{¶ 19} The sole assignment of error is granted.

{¶ 20} The judgment of the Municipal Court of Fairfield County, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/db