[Cite as *Cavalry SPV 1, Assignee of Beneficial, Ohio, Inc., Assignee of Beneficial Mtge., Co. of Ohio v. Griggs*, 2025-Ohio-1167.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CAVALRY SPV 1, ASSIGNEE OF BENEFICIAL, OHIO, INC., ASSIGNEE OF BENEFICIAL MORTGAGE CO. OF OHIO | : : : : | JUDGES: Hon. Andrew J. King, P.J. Hon. Robert G. Montgomery, J. Hon. Kevin W. Popham, J. |
| Plaintiff-Appellee | : : | |
| -vs- | : : | |
| JASON M. GRIGGS | : | Case No. 2024 CA 00043 |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Municipal Court,
Case No. 05 CVF 2810


JUDGMENT:     Reversed


DATE OF JUDGMENT:     April 1, 2025


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

ANTHONY BARONE               JASON M. GRIGGS, PRO SE
1100 Superior Avenue          8110 Hula Popper Street
19th Floor                    Pickerington, OH  43147
Cleveland, OH  44114

*King, J.*

{¶ 1}   Defendant-Appellant, Jason M. Griggs, appeals the October 24, 2024 entry of the Municipal Court of Fairfield County, Ohio, denying his motion to strike the motions of judgment creditor and to vacate orders of the court.  Purported judgment creditor is Plaintiff-Appellee, Cavalry SPV 1, Assignee of Beneficial, Ohio, Inc., Assignee of Beneficial Mortgage Company.  We reverse the trial court.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On October 17, 2005, Beneficial Ohio, Inc. filed a complaint against Griggs for amount due on an account secured by a promissory note with an outstanding balance of $14,575.96, plus interest.  Beneficial received a default judgment on August 11, 2006.  A bank garnishment was filed on October 23, 2006, but no funds were available.  A judgment debtor exam was held on February 27, 2007.  Additional bank garnishments were filed on May 31, 2007, resulting in Beneficial recovering $2,038.90.

{¶ 3}   On April 10, 2017, Cavalry filed a motion to substitute party plaintiff.  The motion alleged it had been assigned the rights to collect on the account five years earlier on November 6, 2012; but no exhibit was attached to indicate an assignment relative to Griggs's account (no name or account number).  The trial court granted the motion on April 18, 2017.

{¶ 4}   Three years later, on June 24, 2020, Cavalry filed a motion to revive dormant judgment which the trial court granted on September 22, 2020.  On March 15, 2021, Cavalry filed a garnishment order with Griggs's employer to garnish his wages, but he was no longer employed with the employer.  On May 21, 2024, Cavalry filed another garnishment order with another purported employer in Texas.

{¶ 5}   On May 29, 2024, Griggs filed a motion to strike all motions filed by Cavalry and to vacate all court orders made in response to the motions, arguing he never received notice of the motion to substitute party plaintiff and Cavalry did not allege and prove the assignment from Beneficial; he further argued he was not properly served with the motion to revive dormant judgment.  Cavalry did not respond to the motion.

{¶ 6}   A hearing on Griggs's motion was held on July 10, 2024.  Cavalry did not appear.  By entry filed October 1, 2024, the trial court denied Griggs's motion, finding inter alia the motion to substitute party plaintiff was properly served to Griggs.  The trial court did not address Griggs's argument relative to alleging and proving a proper assignment.

{¶ 7}   Griggs filed an appeal and assigned the following errors:

I

{¶ 8}   "THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING THAT APPELLEE, AN ASSIGNEE, DID NOT ALLEGE AND PROVE THE ASSIGNMENT IN ORDER TO COLLECT IN AN ACTION ON AN ACCOUNT."

II

{¶ 9}   "THE TRIAL COURT ERRED WHEN IT DETERMINED THAT PROPER SERVICE OCCURRED WHEN A REVIVOR OF JUDGMENT WAS SIGNED BY THE PARTY DELIVERING THE MOTION AND THE PROOF OF SERVICE CONTAINED AN INCORRECT ADDRESS."

I

{¶ 10} In his first assignment of error, Griggs claims the trial court erred in failing to have Cavalry allege and prove the assignment in order to collect on the account.  We agree.

{¶ 11} The trial court treated Griggs's motion as a Civ.R. 60(B) motion to vacate, limiting its analysis to the catch-all provision of subsection (5): "any other reason justifying relief from the judgment." A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). "An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence." *State v. AAA Sly Bail Bonds*, 2018-Ohio-2943, ¶ 28 (5th Dist.), citing *Tennant v. Gallick,* 2014-Ohio-477, ¶ 35 (9th Dist.); *In re Guardianship of S.H.*, 2013-Ohio-4380, ¶ 9 (9th Dist.); *State v. Firouzmandi,* 2006-Ohio-5823, ¶ 54 (5th Dist.). "As a general rule, misapplication of the law to the facts is an abuse of discretion." *Thirty Four Corp. v. Sixty Seven Corp.*, 91 Ohio App.3d 818, 823 (10th Dist. 1993).

{¶ 12} In an action on an account, when an assignee is attempting to collect on an account, the assignee must "allege and prove the assignment." *Zwick v. Zwick,* 103 Ohio App. 83, 84 (1956). In order to prevail, "the assignee must prove that they are the real party in interest for purposes of bringing the action"; an "assignee cannot prevail on the claims assigned by another holder without proving the existence of a valid assignment agreement." *Worldwide Asset Purchasing, L.L.C. v. Sandoval*, 2008-Ohio-6343, ¶ 26 (5th Dist.).

{¶ 13} Cavalry attached several documents to its April 10, 2017 motion to substitute party. One document is a November 6, 2012 Assignment and Bill of Sale stating the Beneficial entities listed in Schedule I sold and assigned the "Accounts (as defined in <u>Section 1</u> of the Agreement)." Schedule I is attached listing at a minimum nineteen Beneficial entities. The "Agreement" or "Accounts" are not attached. The only other attachment is a Limited Power of Attorney without any reference to specific accounts. In the motion and the attachments, there is no mention of Griggs (other than the case caption), his account number, or his outstanding balance. The Assignment and Bill of Sale was signed by "Donald J. Scarcello" with the title of "Vice President" of some unnamed entity. There is zero evidence that this purported Assignment and Bill of Sale included Griggs's account among the assigned accounts.

{¶ 14} Based upon the state of the record, there is no evidence that the subject account was properly assigned to Cavalry. *See Cavalry SPV, I LLC v. Workman*, 2019-Ohio-4750 (5th Dist.); *Midland Funding, LLC v. Snedeker,* 2014-Ohio-887 (5th Dist.); *Midland Funding, LLC v. Biehl,* 2013-Ohio-4150 (5th Dist.).[1] In these cases, this court found the purported assignees failed to produce sufficient evidence of a lawful assignment and each of those cases included more information than this case.

{¶ 15} Upon review, we find the trial court misapplied the law to the facts and its decision was legally incorrect; therefore, the trial court abused its discretion in denying Griggs's motion to vacate the order of substitution of party plaintiff.

{¶ 16} Assignment of Error I is granted. Assignment of Error II is moot.

---

[1]Contrary to the trial court's decision, the fact that these cases involved an analysis under a summary judgment standard is of no consequence; the analysis to "allege and prove an assignment" contained therein is applicable to this case.

{¶ 17} The judgment of the Municipal Court of Fairfield County, Ohio is hereby reversed.

By: King, P.J.

Montgomery, J. and

Popham, J. concur.