[Cite as *Perkins v. 122 E. 6th St., L.L.C.*, 2017-Ohio-5592.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| GLENN PERKINS, as Personal Representative of the Estate of Beverly Readnour, | : | APPEAL NO. C-160628 TRIAL NO. A-1402379 |
|  | : |  |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
|  | : |  |
| vs. | : |  |
|  | : |  |
| 122 E. 6TH STREET, LLC, d.b.a. IGBY'S, | : |  |
|  | : |  |
| Defendant-Appellee. | : |  |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 30, 2017

*Jenner, Pattison, Sutter & Wynn, LLP, Mark Wynn* and *David R. Sutter*, for Plaintiff-Appellant,

*Reminger Co., L.P.A., Robert W. Hojnoski, Carrie M. Starts* and *Nathan A. Lennon*, for Defendant-Appellee.

**MYERS, Judge.**

{¶1}  Plaintiff-appellant Glenn Perkins, as personal representative of the estate of Beverly Readnour, challenges the trial court's entry granting summary judgment to defendant-appellee 122 E. 6th Street, LLC, d.b.a. Igby's ("Igby's") in Perkins's wrongful-death dram-shop-liability action.  We affirm.

*Factual and Procedural Background*

{¶2}  On November 11, 2012, at approximately 5:30 in the morning, William Martin, Jr., and Beverly Readnour were involved in an automobile accident.  Both died from injuries sustained in the accident, which the police determined to be Martin's fault.  Approximately 30 minutes after the accident, Martin's blood-alcohol level was tested and found to be 0.172 grams of alcohol per 100 milliliters of blood.

{¶3}  Perkins, as representative of Readnour's estate, filed suit against Igby's, a liquor permit holder located in downtown Cincinnati, alleging that on November 10 and 11, 2012, Igby's employees had knowingly sold alcohol to a noticeably intoxicated Martin, in violation of Ohio's dram shop statute, R.C. 4399.18. The suit further alleged that Martin then drove his motor vehicle in an intoxicated condition, causing the accident which resulted in Readnour's death.

{¶4}  Igby's moved for summary judgment, arguing that Perkins had no evidence that an employee of Igby's had served alcohol to Martin with actual knowledge that Martin was noticeably intoxicated.  The trial court granted Igby's motion.  Perkins has appealed, arguing in a single assignment of error that the trial court's grant of summary judgment was in error.

### Summary Judgment

{¶5} We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriately granted when there exist no genuine issues of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party. *State ex rel. Howard v. Ferreri,* 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

{¶6} When a party moves for summary judgment on the ground that the nonmoving party has no evidence to prove its case, it has the initial burden of demonstrating that there are no genuine issues of material fact. *Dresher v. Burt,* 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). To meet that burden, the moving party may not merely make a conclusory assertion that the nonmoving party has no evidence. *Id.* Rather, it must support its assertion with some type of evidence provided for in Civ.R. 56(C) to affirmatively show that the nonmoving party has no evidence to support its claim. If the moving party meets its initial burden, the burden then shifts to the nonmoving party to set forth evidence establishing that there is a genuine issue of material fact, as provided for in Civ.R. 56(E). *Id.*

### R.C. 4399.18

{¶7} R.C. 4399.18, Ohio's dram shop statute, provides that:

A person has a cause of action against a permit holder or an employee of a permit holder for personal injury, death, or property damage caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's

control only when both of the following can be shown by a preponderance of the evidence:

(A) The permit holder or an employee of the permit holder knowingly sold an intoxicating beverage to at least one of the following:

(1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code;

(2) A person in violation of section 4301.69 of the Revised Code.

(B) The person's intoxication proximately caused the personal injury, death, or property damage.

{¶8} A plaintiff bringing an action under R.C. 4399.18 must establish that a liquor permit holder or its employee had actual knowledge that the person to whom an intoxicating beverage was sold was noticeably intoxicated. *Lesnau v. Andate Ent., Inc.*, 93 Ohio St.3d 467, 472, 756 N.E.2d 97 (2001). Constructive knowledge is not enough. *Gressman v. McClain*, 40 Ohio St.3d 359, 363, 533 N.E.2d 732 (1988). Actual knowledge may be established through direct or circumstantial evidence. *Sullivan v. Heritage Lounge*, 10th Dist. Franklin No. 04AP-1261, 2005-Ohio-4675, ¶ 17.

{¶9} Igby's argued that Perkins had no evidence to establish that an Igby's employee had ever served an alcoholic beverage to Martin. It further argued that even if there was such evidence, Perkins had no evidence to show that the employee had actual knowledge that Martin was noticeably intoxicated.

{¶10} In support of its motion for summary judgment, Igby's relied on several depositions filed with the trial court. Shana Cronican was the wife of a co-

owner of Igby's, and Martin had been her personal trainer. Cronican testified that she had seen Martin in line to enter Igby's sometime between 10:00 and 10:30 p.m. on November 10, 2012, the opening night of Igby's. Cronican allowed Martin to enter Igby's through an alternative entrance with her. She noticed that Martin seemed happier than normal and asked him if he had been drinking. Martin said he had not, but told her that he had smoked marijuana. He also said that he was carrying a plastic bottle that contained a mixture of a sports drink and vodka. While Cronican noticed that Martin was smiling and seemed happy, she did not see him slurring his words or stumbling. Cronican and Martin separated after they entered Igby's, and she did not see him again that evening.

{¶11} Igby's also filed an affidavit of Ben Klopp. Klopp, a co-owner of Igby's, stated that he had reviewed Igby's point-of-sale software to examine the credit-card transactions that had taken place at Igby's on the evening of November 10, 2012, and the early morning hours of November 11, 2012. None of the transactions were made with a credit card bearing Martin's name. Klopp further stated that none of the employees working at Igby's during that same time period recalled serving Martin an alcoholic beverage or observing Martin in an intoxicated state. Klopp had seen Martin waiting in line to enter Igby's on November 10, and Martin had not appeared to Klopp to be intoxicated. He never saw him again.

{¶12} Igby's also presented testimony from several employees that had been working at Igby's on opening night. None of them knew Martin or recognized him when shown a picture.

{¶13} Igby's met its initial burden under Civ.R. 56(C) by pointing to specific evidence demonstrating that Perkins could not prove his claim under R.C. 4399.18.

*See Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264. Consequently, the burden shifted to Perkins to set forth specific facts showing a genuine issue of material fact. *Id.*

{¶14} Even though Perkins had several additional names of Igby's employees, he presented no testimony from anyone who had served Martin that night or who had seen him intoxicated.

{¶15} Rather, Perkins supported his memorandum in opposition to Igby's motion for summary judgment with a police vehicle-collision report generated following an investigation into the automobile accident between Martin and Readnour. The police report indicated that Martin had been operating his vehicle under the influence of alcohol and had caused the automobile accident. The report contained summaries of various witnesses' statements, including Shana Cronican, mistakenly referred to in the report as Shauna Yingling. The police report indicated that Cronican had stated that Martin had appeared stoned to her when she saw him waiting to enter Igby's, and that Martin had told her that he was high on marijuana.

{¶16} Perkins also filed an affidavit of Brianna Eberhardt, who had been Martin's girlfriend at the time of his death. Eberhardt stated that she had both spoken and texted with Martin on the evening of November 10, 2012, and the early morning hours of November 11, 2012. She further stated that Martin told her that he had taken shots with friends while at Igby's, that Martin told her that he was extremely intoxicated at the time that he left Igby's, and that she could personally tell that Martin was intoxicated based on their conversation. Martin had not told her that he drank at any other establishment after leaving Igby's.

{¶17} Igby's argues that various statements contained in the police report and in Eberhardt's affidavit are inadmissible and therefore cannot be considered for purposes of summary judgment. We need not reach this issue. Even if all the information contained in the police report and Eberhardt's affidavit is admissible, we find that it does not establish a genuine issue of material fact.

{¶18} Although Eberhardt personally believed that Martin was intoxicated, her belief cannot be imputed to Igby's to demonstrate actual knowledge of intoxication. *Privett v. QSL-Milford, L.L.C.*, 12th Dist. Clermont No. CA2013-04-025, 2013-Ohio-4129, ¶ 18 (a witness's testimony that a patron allegedly served in violation of R.C. 4399.18 was intoxicated could not be used to impute actual knowledge of noticeable intoxication to the liquor permit holder); *Caplinger v. Korrzan Restaurant Mgmt., Inc*, 12th Dist. Butler No. CA2011-06-099, 2011-Ohio-6020, ¶ 24 (testimony from a witness who had received a phone call from a patron allegedly served in violation of R.C. 4399.18 that she knew the patron was drunk because of the way he spoke and his hyper mood did not establish that the patron had been noticeably intoxicated at the time that he had been served alcohol).

{¶19} Likewise, Martin's statement to Eberhardt that he was intoxicated at the time that he had left Igby's provided no evidence that an Igby's employee had seen Martin in a noticeably intoxicated state or that an Igby's employee had sold him an alcoholic beverage when Martin was in such a state. *See Caplinger* at ¶ 24 ("a person must be noticeably intoxicated at the time of service—not at the time he leaves the bar—for purposes of the Dram Shop Act").

{¶20} Perkins further contends that Cronican's testimony created a genuine issue of material fact as to whether an Igby's employee had actual knowledge that

7

Martin had been noticeably intoxicated. In addition to the fact that Cronican was not an employee of Igby's, her testimony did not indicate that Martin was noticeably intoxicated. On the contrary, Cronican testified that Martin was not stumbling or slurring his words or demonstrating any other signs of intoxication.

{¶21} In short, Perkins has presented no admissible evidence that any Igby's employee served alcohol to Martin. Even if an inference could be made that Martin was served alcohol, Perkins has presented no evidence that Martin had been noticeably intoxicated while at Igby's or that an Igby's employee had knowingly served Martin an alcoholic beverage with actual knowledge that he was noticeably intoxicated. The trial court did not err in granting summary judgment to Igby's. Perkins's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

CUNNINGHAM, P.J., and MILLER, J., concur.

Please note:
  The court has recorded its own entry on the date of the release of this opinion.