[Cite as *Ditech Fin., L.L.C. v. Balimunkwe*, 2019-Ohio-3806.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DITECH FINANCIAL, LLC, | : | APPEAL NO. C-180445 |
| | | TRIAL NO. A-1700815 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| KALEMBA BALIMUNKWE, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 20, 2019

*Lerner Sampson & Rothfuss*, *Rick D. DeBlasis*, *McCarthy, Lebit, Crystal & Liffman Co., LPA*, *Charles A. Nemer, John E. Moran* and *Nicholas R. Oleski*, for Plaintiff-Appellee,

*Graydon Head & Ritchey, LLP*, and *John B. Pinney*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}     Because a genuine issue of material fact remains to be determined in this foreclosure action, we reverse the decision of the trial court to grant summary judgment.

### Foreclosure Litigation Results
### In Summary Judgment

{¶2}     Plaintiff-appellee Ditech Financial, LLC, ("Ditech") filed a foreclosure lawsuit against defendant-appellant Kalemba Balimunkwe, claiming that it was the holder of a note and mortgage signed by Balimunkwe and secured by Balimunkwe's residence.  Balimunkwe had originally purchased his home in 1990 for $47,000. According to the complaint filed by Ditech, Balimunkwe applied to have the loan refinanced for the amount of $63,750 with Ditech.  The documents indicate that the load was subsequently modified in 2006.  Ditech sued for foreclosure when Balimunkwe stopped making payments in 2012.

{¶3}     During the course of the litigation below, Balimunkwe represented himself.  He contended throughout the litigation that he had never signed the refinancing agreement, and that he had thought he was still paying on his original loan.  He claimed that he stopped making payments when he discovered that he was making payments on a loan that he had not agreed to.  On August 8, 2017, Balimunkwe filed an affidavit, report, and CV from a handwriting expert.  The expert opined that "the handwriting characteristics in the questioned signatures do not conform to the handwriting characteristics in the known signatures and handwriting. Therefore, it is my professional expert opinion that Kalemba Balimunkwe did not sign his signatures on the questioned documents."

{¶4}     Ditech filed a motion for summary judgment in which it claimed that Balimunkwe had agreed to the mortgage, that he owed the money due, and that

Ditech was the holder of the note. In response, Balimunkwe again argued that the signature was not his, and attached a portion of the report from the expert that had been previously filed. The trial court granted Ditech's motion for summary judgment. In one assignment of error, Balimunkwe argues that the trial court erred in granting that motion.

### Summary Judgment

{¶5} A motion for summary judgment shall be granted if the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, determines (1) that no genuine issue of material fact remains to be litigated, (2) that the moving party is entitled to judgment as a matter of law, and (3) that the evidence demonstrates that reasonable minds can come to but one conclusion and that conclusion is adverse to the party opposing the motion. *See* Civ.R. 56(C); *see also Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996).

{¶6} The party moving for summary judgment "bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims" or defenses. *Dresher* at 293. When, as here, the moving party discharges that burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, including verified pleadings, but must "set forth specific facts" by the means listed in the rule, showing that a triable issue of fact exists. *See id.*; *see also Perkins v. 122 E. 6th St., LLC*, 2017-Ohio-5592, 94 N.E.3d 207, ¶ 6 (1st Dist.). If the nonmoving party does not discharge its reciprocal burden, summary judgment, if appropriate, shall be entered against it. *Dresher* at 293. We review summary-

3

judgment determinations de novo, without deference to the trial court's ruling. *See Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8; *see also Capital Fin. Credit, L.L.C. v. Mays*, 191 Ohio App.3d 56, 2010-Ohio-4423, 944 N.E.2d 1184, ¶ 3 (1st Dist.).

{¶7}     Balimunkwe's defense to Ditech's claim is that he did not enter into the agreement and that the signature on the 2004 refinance agreement was not his. Ditech tacitly admits that such a defense would normally bar its claims, but that it does not apply in this case for two reasons. First, Ditech claims that the argument was not properly presented to the trial court below. Second, it claims that, even if Balimunkwe had not signed the original 2004 refinance agreement, his subsequent agreement to modify the agreement in 2006 acted as a ratification of that original agreement. We will address each issue in turn.

### Argument Properly Presented to Trial Court

{¶8}     On appeal, Ditech argues that the trial court was not required to consider the handwriting evidence because it was not attached to the memorandum in opposition to the motion for summary judgment. There is no such requirement in the rule. In fact, Civ.R. 56 expressly states that the trial court must consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any" as long as they are "timely filed in the action." Civ.R. 56(C). The Ohio Supreme Court has said that "[w]hile the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed." *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264. As this court has repeatedly stressed, summary judgment should not be granted unless the *entire record* demonstrates that no genuine issue of material fact remains for trial. *See Wal-Mart Realty Co. v. Tri-Cty. Commons Assoc., LLC*, 1st Dist. Hamilton No. C-

160747, 2017-Ohio-9280, ¶ 8; *Alexander v. Motorists Mut. Ins. Co.*, 1st Dist. Hamilton No. C-110836, 2012-Ohio-3911, ¶ 16; *Whitley v. Progressive Preferred Ins. Co.*, 1st Dist. Hamilton No. C-090240, 2010-Ohio-356, ¶ 8; *Greene v. Whiteside*, 181 Ohio App.3d 253, 2009-Ohio-741, 908 N.E.2d 975, ¶ 23 (1st Dist.).

{¶9}     While Ditech argued that a party cannot simply rely on the trial court to comb through the record and make arguments on his behalf, that is not what has occurred in this case.  The affidavit and report had been filed prior to the filing of the motion for summary judgment, Balimunkwe referenced the evidence in his pleading, and he attached a page of the affidavit to his response.  The evidence was in the record and Balimunkwe referenced the information.

{¶10}    The affidavit and expert report presented by Balimunkwe created a genuine issue of material fact as to whether Balimunkwe entered into the 2004 loan refinance agreement.  Thus, summary judgment would have been inappropriate unless the trial court's decision was correct for another reason.  Ditech argues that, under the doctrine of ratification, Balimunkwe can be bound by the 2004 loan refinance agreement because he entered into the 2006 modification ratifying the agreement.  And we consider that issue next.

### Ratification Neither Argued Below
### Nor Established in Record

{¶11}    Alternately, Ditech argues that Balimunkwe ratified the 2004 refinance agreement in 2006 when he signed a loan modification.  But Ditech did not make that argument below.  The only reference in the complaint to the 2006 loan modification is the line "The loan was modified by the Loan Modification Agreement signed by Defendant on February 17, 2006."  The complaint does not allege that Balimunkwe's alleged agreement to the loan modification acted as a ratification of the 2004 loan refinance.  Additionally, other than stating that the 2004 loan had

5

been modified in 2006, there is no discussion of ratification in Ditech's motion for summary judgment. The affidavit filed in support of Ditech's motion identifies the modification agreement, but does not discuss its import. In fact, counsel admitted during oral argument that the word "ratification" does not appear anywhere in the trial court's record. It is a universal principle of appellate procedure that "[a] party who fails to raise an argument in the court below waives his or her right to raise it [on appeal]." *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993). Since Ditech did not argue this issue below, it cannot argue it for the first time on appeal.

{¶12} Even if considered on the merits, Ditech has not proven ratification on this record. In contract law, ratification is a way that an agent can bind a principal to an agreement the principal did not enter into on its own. *Karat Gold Imports, Inc. v. United Parcel Serv., Inc.*, 62 Ohio App.3d 604, 611, 577 N.E.2d 115 (8th Dist.1989). But ratification will not apply when the actor is not acting as the agent of the principal. *See Alban Equip. Co. v. MPH Crane, Inc.*, 4th Dist. Pike No. 424, 1989 WL 62860, *4 (June 2, 1989) (ratification does not result from the affirmance of a transaction with a third person unless the one acting purported to be acting for the ratifier), citing Restatement of the Law 2d, Agency, Section 85, at 1 (1958); *see also Williams v. Stearns*, 59 Ohio St. 28, 51 N.E. 439 (1898).

{¶13} While an appellate court may affirm a trial court's decision on separate grounds, the evidentiary basis on which the appellate court relies still must have been adduced before the trial court. *State v. Peagler*, 76 Ohio St.3d 496, 499, 668 N.E.2d 489 (1996). There is no evidence in the record that whoever signed the 2004 refinance agreement was acting as the agent of Balimunkwe, or that Balimunkwe knew he was ratifying the 2004 agreement when he signed the 2006 modification. Ditech's only evidence in this regard is the fact of his alleged signature

on the modification, and the fact that he continued to make payments until 2012. This is insufficient.

**Conclusion**

{¶14}    Balimunkwe established that a genuine issue of material fact remains regarding whether he signed and agreed to the 2004 refinance agreement that is the subject of this litigation.   We therefore sustain his sole assignment of error.   We reverse the decision of the trial court and remand this cause for proceedings consistent with this opinion.

Judgment reversed and cause remanded.

**ZAYAS** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.